JOHN LOLI, Appellant, v. CENTRAL COAL & COKE
COMPANY.

**Division One, January 3, 1914.**

**APPEAL: Premature: No Judgment.** An appeal taken by plaintiff after the court has sustained a demurrer to his evidence and he has taken a nonsuit with leave, from a record entry reciting only those facts, is premature, there being no judgment in the cause.

Appeal from Macon Circuit Court.—*Hon. Nat M. Shelton,* Judge.

APPEAL DISMISSED.

*R. S. Matthews & Son* for appellant.

*B. R. Dysart* for respondent.

WOODSON, P. J.—The plaintiff brought this suit in the circuit court of Macon county, to recover the sum of $10,000 damages for personal injuries sustained through the alleged negligence of the defendant.

Both parties announced ready for trial and plaintiff introduced his evidence, and at the close thereof the defendant asked an instruction in the nature of a demurrer telling the jury that the plaintiff was not entitled to a recovery. Thereupon the plaintiff took a nonsuit with leave to set the same aside.

The following is the record entry of the proceeding (formal parts omitted), viz.:

"Now at this day cause comes on for trial. Both parties present, plaintiff in person and by his attorneys, Matthews & Son, and defendant by its attorneys, B. R. Dysart and W. C. Goodson, and both parties answer ready for trial. It being an action for damages a talesman of good and lawful men is called from the regular panel of petit jurors chosen from the body

of Macon county and sworn and qualified and a list delivered to each party for their respective challenges. Now again the list is returned into open court with the following twelve men chosen: J. P. Roebuck, R. T. Morris, A. W. John, Frank Ryals, Dan Bealner, E. E. Reynolds, Butler Barnes, C. L. Gilbert, B. E. Morgan, D. W. Mayhew, Ruben Grimshaw, James Dameron, who were sworn to well and truly try said cause, and trial proceeded with reading of pleadings and statements of both parties. By order of court Tom Comella is appointed interpreter in this case, and evidence on behalf of plaintiff is heard. It being the noon hour court takes recess until one thirty o'clock p. m. One thirty o'clock p. m. court convenes and trial proceeds with further evidence on behalf of plaintiff to its close. Whereupon defendant offers demurrer to plaintiff's evidence and the same is taken up by the court, considered and sustained and plaintiff excepts and takes an involuntary nonsuit with leave to set the same aside.''

In due time and in proper form plaintiff filed motions for a new trial, and an arrest of judgment, which were by the court overruled.

Plaintiff excepted and appealed the cause to the Kansas City Court of Appeals.

The cause was regularly presented to that court and briefed by counsel for plaintiff, and counsel for defendant filed a motion therein to dismiss the appeal for the reason that no judgment had been rendered therein and therefore the appeal was premature.

The Court of Appeals took up the case for consideration and on its own motion, I take it, transferred the cause to this court for the reason that the amount involved exceeded its jurisdiction.

Upon reaching this court the cause was regularly set down for hearing, and counsel for the defendant filed herein a motion to dismiss the appeal for the same reason assigned in their motion for a dismissal

filed in the Court of Appeals, namely, that the circuit court had never rendered a judgment in the cause, consequently the appeal was prematurely taken.

I have fully set forth in the statement of the case, a full statement of the proceedings had in the cause as they appear upon the record of the circuit court of Macon county.

By reading that statement, it will be seen that the circuit court simply gave the demurrer asked to the evidence, but rendered no judgment whatever in the cause.

From that showing it must follow that the appeal was prematurely taken, and that the motion to dismiss the appeal should be sustained. It is so ordered and the appeal is dismissed. All concur.